1  CDF LABOR LAW LLP
       Kent J. Sprinkle, State Bar No. 226971
2      ksprinkle@cdflaborlaw.com
       Desiree J. Ho, State Bar No. 313250
3      dho@cdflaborlaw.com
       Taylor Wendland, State Bar No. 342324
4      twendland@cdflaborlaw.com
   4660 La Jolla Village Drive, Suite 740
5  San Diego, CA 92122
   Telephone:  (858) 646-0007
6
   Attorneys for Defendant
7  ORMAT NEVADA INC.

8               UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 JAMES WOODRUFF, on behalf of          ) Case No. __'24CV1638 L     MSB__
   others similarly situated,            )
12                                        ) (Removed from Imperial County
             Plaintiffs,                  ) Superior Court, Case No. ECU003647)
13        v.                              )
                                          ) **DEFENDANT ORMAT NEVADA**
14 ORMAT NEVADA, INC., and DOES 1        ) **INC.'S NOTICE OF REMOVAL**
   through 50, inclusive,                 ) **PURSUANT TO 28 U.S.C.**
15                                        ) **SECTIONS 1332, 1441, 1446 AND**
             Defendant.                   ) **1453**
16                                        )
                                          ) [Filed concurrently with Civil Cover
17                                        ) Sheet, Declaration of Desiree J. Ho,
                                          ) Declaration of Terri Taylor, Jury
18                                        ) Demand, Corporate Disclosure
                                          ) Statement]
19 _____       )
                                          ) FAC Filed:  September 12, 2024
20

21

22

23

24

25

26

27

28

1    **TO THE COURT, PLAINTIFF JAMES WOODRUFF AND HIS**

2    **ATTORNEYS OF RECORD:**

3    Defendant ORMAT NEVADA INC. ("Ormat" or "Defendant"), through its

4    undersigned counsel, hereby removes the above-captioned action from the Superior

5    Court for the State of California for the County of Imperial to the United States

6    District Court for the Southern District of California pursuant to 28 U.S.C.

7    sections 1332, 1441, 1446, and 1453.  Defendant's Notice of Removal is based on the

8    following:

9    **I.  THE NOTICE OF REMOVAL IS TIMELY.**

10    On July 29, 2024, Plaintiff commenced this action by filing an unverified

11    class action Complaint in the Superior Court of California, County of Imperial,

12    captioned *James Woodruff, on behalf of others similarly situated v. Ormat Nevada,*

13    *Inc., et al.*, as case number ECU003647 (the "State Court Action"). True and correct

14    copies of all pleadings, process, and orders, and any other documents on file in the

15    State Court Action are attached as **Exhibits A to E** to the Declaration of Desiree J.

16    Ho, concurrently filed in support of this Notice of Removal.

17    On August 15, 2024, Defendant was served with a copy of the Summons and

18    Complaint, as well as other documents filed in the State Court Action, through its

19    agent for service of process. (Declaration of Desiree J. Ho ("Ho Decl.") ¶ 2-4, Exs.

20    A-B.). On September 11, 2024, Defendant filed an Answer to the Complaint. (*Id.*,

21    Ex. C.) On September 12, 2024, Defendant was served with a copy of the First

22    Amended Class and Representative Action Complaint ("FAC"). (*Id.*, Ex. D). On

23    September 12, 2024, Defendant filed an Answer to the FAC. (*Id.*, Ex. E.)

24    This Notice of Removal is timely filed as it is filed less than one year from the

25    date this action was commenced and within thirty (30) days of service upon

26    Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

27    526 U.S. 344, 354 (1999) (30-day deadline to remove commences upon service of

28    the summons and complaint).

2

Plaintiff's Complaint asserted the following causes of action: (1) Minimum Wage Violations; (2) Failure to Pay All Overtime Wages; (3) Meal Period Violations; (4) Rest Period Violations; (5) Paid Sick Leave Violations; (6) Untimely Payment of Wages; (7) Wage Statement Violations; (8) Waiting Time Penalties; (9) Failure to Provide Records; and (10) Unfair Competition. (*See generally* Compl.)

## II.  JURISDICTION

Defendant may remove the State Court Action under 28 U.S.C. section 1446(a) by providing a "short and plain statement of the grounds of removal…" Defendant's removal allegations should be construed liberally. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

**A.    This Court Has Jurisdiction Under 28 U.S.C. § 1332(a).**

Diversity jurisdiction exists where the matter in controversy is between citizens of different states and exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(a).

**1.    The Diversity of Citizenship Requirement is Satisfied.**

For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Under 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). Under the "nerve center" test, the principal place of business is the place where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.* at 92-93.

DEF'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

Defendant is informed and believes that Plaintiff is a resident of California. (Ho Decl., at ¶ 8.) Plaintiff is therefore a citizen of California. *Kantor*, 704 F.2d at 1090; *Kanter*, 265 F.3d at 857. Ormat is incorporated in the State of Delaware and has its principal place of business in Nevada. (Declaration of Terri Taylor ("Taylor Decl.") at ¶ 3.). Ormat is therefore a citizen of Delaware and Nevada. *Hertz Corp. v. Friend*, 559 U.S. at 91-93.

Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint and the citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Because Plaintiff is a citizen of California, and Defendant is a citizen of a foreign state (Delaware and Nevada), this action meets the jurisdictional prerequisite of minimal diversity under 28 U.S.C. § 1332(a).

### 2. <u>The Amount In Controversy Requirement Is Satisfied.</u>[1]

The allegations of the Complaint indicate that the amount in controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a). Where, as here, the complaint does not specify a particular amount of damages, the removing defendant need only establish the amount in controversy by a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Rashid v. BMW of N. Am., LLC*, 2020 WL 5640734, at *2 (S.D. Cal. Sept. 22, 2020).

Plaintiff contends that he is entitled to penalties for alleged wage statement violations under California Labor Code section 226. (Ho Decl., Ex. A (Compl.) at

---

[1] Defendant provides the following calculations only to demonstrate that the amount in controversy exceeds $75,000. Defendant makes no admission of liability or damages with respect to any aspect of this case, nor does Defendant waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with any of his claims.

CDF Labor Law LLP

4877-0961-4046.8

1    ¶ 70). While the "actual damages" are not specified, Labor Code section 226 does

2    provide for recovery for noncompliance in the amount of "the greater of all actual

3    damages or fifty dollars ($50) for the initial pay period in which a violation occurs

4    and one hundred dollars ($100) per employee for each violation in a subsequent pay

5    period, not to exceed an aggregate penalty of four thousand dollars ($4,000)…" Cal.

6    Lab. Code § 226(e)(1). Assuming a $50 penalty for the initial pay period, and a $100

7    penalty for each subsequent pay period, up to a statutory maximum of $4,000,

8    Defendant estimates that the amount in controversy for Plaintiff's wage statement

9    claim, between July 29, 2020 to April 5, 2024, is $4,000.

10        Plaintiff also seeks penalties for missed meal and rest periods in the form of

11    "one additional hour of pay at the respective regular rate of compensation for each

12    workday that a fully compliant meal period was not provided…" (Ho Decl., Ex. A

13    (Compl.) at ¶¶ 50, 55). From July 29, 2020 to April 5, 2024, Plaintiff worked

14    approximately 196 workweeks. (Taylor Decl., ¶ 6). Accordingly, Defendant

15    estimates that the amount in controversy for Plaintiff's claim of meal period

16    violations is $31,115 (196 workweeks * 5 shifts/week * $31.75/hour). With these

17    same calculations, Defendant estimates that the amount in controversy for Plaintiff's

18    claim of rest period violations is also $31,115. Put together, the amount in

19    controversy for Plaintiff's meal and rest period meal premium claims totals $62,230.

20        Plaintiff further contends he is entitled to overtime wages "no less than one

21    and one-half times [his] respective 'regular rate of pay' for all hours worked in

22    excess of eight hours in one day, 40 hours in one week, or the first eight hours

23    worked on the seventh day of work in any one workweek." (Ho Decl., Ex. A

24    (Compl.) at ¶ 46.). Assuming an average of 30 minutes of alleged unpaid overtime

25    per workweek, Defendant estimates that the amount in controversy for Plaintiff's

26    overtime claim is $4,667.25 (196 workweeks * $47.62/hour ($31.75 * 1.5) * 30

27    min/week).

28        Plaintiff also claims he is entitled to a penalty of $750 under Labor Code

DEF'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

CDF Labor Law LLP

4877-0961-4046.8

1  section 226(f) and an additional penalty of $750 under Labor Code section

2  1198.5(k). (Ho Decl., Ex. A (Compl.) at ¶¶ 78-79.)

3      Finally, Plaintiff seeks waiting time penalties for Defendant's alleged failure

4  to "timely pay all wages earned upon termination of employment." (Ho Decl., Ex. A

5  (Compl.) at ¶ 72.) At the time of Plaintiff's separation from employment with

6  Defendant, Plaintiff was earning $36.19/hour. (Taylor Decl., ¶ 5.) Plaintiff alleges

7  that "Defendant did not pay him his final wages until eleven days after his

8  termination date." (Ho Decl. Ex. A (Compl.) ¶ 38.) Accordingly, and taking

9  Plaintiff's allegations as true solely for purposes of determining diversity

10 jurisdiction, Defendant estimates the amount in controversy for this claim is

11 $3,184.72 (11 days * ($36.19 * 8 hours)).

12     In considering just six of the ten claims brought by Plaintiff, the estimated

13 amount in controversy with respect to Plaintiff's individual claim totals at least

14 $75,581.97.

15 **B.  This Court Has Jurisdiction Under the Class Action Fairness Act.**

16     Removal is proper under 28 U.S.C. § 1441(a) because this Court has original

17 jurisdiction over the State Court Action under the Class Action Fairness Act

18 ("CAFA"). 28 U.S.C. § 1332(d)(2). This Action satisfies each of the jurisdictional

19 requirements of CAFA: (1) the number of proposed class members exceeds 100; (2)

20 Plaintiff and Defendant are citizens of different states, and (3) the amount in

21 controversy exceeds the aggregate value of $5,000,000.

22     **1.    The Proposed Class Exceeds 100 Members.**

23     Plaintiff defines the proposed class as: "All current and former non-exempt

24 employees who worked for Defendant in California at any time from four years . . .

25 prior to the filing of this action through date of class certification." (Ho Decl., Ex. A

26 (Compl.) at ¶ 21.) In 2023, Ormat employed approximately 182 nonexempt

27 employees in California. (Taylor Decl., ¶ 7.)

28     **2.    The Parties Are Diverse.**

CDF Labor Law LLP

4877-0961-4046.8

1  The district court can exercise original jurisdiction over the action under

2  CAFA when "any member of a class of plaintiffs is a citizen of a State different

3  from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A). As set forth in Section II(A)(1)

4  above, Plaintiff and Defendant are citizens of different states.

5  **3.**    **<u>The Amount In Controversy Exceeds $5,000,000[2].</u>**

6  The district court can exercise original jurisdiction over the action under

7  CAFA when "the matter in controversy exceeds the sum or value of $5,000,000,

8  exclusive of interest and costs…" 28 U.S.C. § 1332(d)(2). To meet this jurisdictional

9  prerequisite, under 28 U.S.C. section 1446(a), "a defendant's notice of removal need

10  include only a plausible allegation that the amount in controversy exceeds the

11  jurisdictional threshold." *Dart Cherokee Basin Operating Co*., 574 U.S. at 81 ("By

12  borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history

13  indicates, Congress intended to clarify that courts should 'apply the same liberal

14  rules [to removal allegations as] to other matters of pleading. … The amount- in-

15  controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if

16  made in good faith.'" (citation omitted)).

17  It is the removing party's burden to establish, "by a preponderance of

18  evidence, that the aggregate amount in controversy exceeds the jurisdictional

19  minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir.

20  2013). In considering the evidence submitted by the removing defendant, the Court

21  must "look beyond the complaint to determine whether the putative class action

22  meets the [amount in controversy] requirements" adding "the potential claims of the

23  absent class members" and attorneys' fees. *Id.* (citing *Standard Fire Ins. Co. v.*

24

25  [2] Defendant provides the following calculations only to demonstrate that the amount

26  in controversy exceeds $5,000,000. Defendant makes no admission of liability or
damages with respect to any aspect of this case, nor does Defendant waive its right to

27  ultimately contest the proper amount of damages due, if any, should Plaintiff prevail

28  with any of his claims.

CDF Labor Law LLP

4877-0961-4046.8

1 *Knowles*, 133 S.Ct. 1345 (2013)); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696,

2 705 (9th Cir. 2007). Moreover, "[i]n considering whether the amount in controversy

3 is clear from the face of the complaint, 'a court must assume that the allegations of

4 the complaint are true and that a jury will return a verdict for the plaintiff on all

5 claims made in the complaint.'" *Altamirano v. Shaw Indus., Inc*., 2013 WL 2950600,

6 at *4 (N.D. Cal. June 14, 2013) (quoting *Korn v. Polo Ralph Lauren Corp*., 536 F.

7 Supp 2d 1199, 1205 (E.D. Cal. 2008) (unpublished)).

8      Although Defendant disputes any liability as to Plaintiff's claims and disputes

9 that Plaintiff and/or the proposed class suffered any injury or incurred damages, the

10 amount in controversy raised by the claims asserted in the class action Complaint

11 exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See Lewis v.*

12 *Verizon Commc'ns, Inc*., 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in

13 controversy is simply an estimate of the total amount in dispute, not a prospective

14 assessment of defendant's liability.")

15      To meet the amount in controversy threshold when a complaint fails to specify

16 the amount of damages sought, a defendant need only show that "it is more likely

17 than not that the amount in controversy satisfies the jurisdictional amount

18 requirement." *Rashid v. BMW of N. Am., LLC*, 2020 WL 5640734, at *2 (S.D. Cal.

19 Sept. 22, 2020) (quoting *Sanchez v. Monumental Life Ins. Co*., 102 F. 3d 398, 404

20 (9th Cir. 1996) (quotations omitted)). Here, Plaintiff seeks relief in the form of

21 damages, attorney's fees, injunctive relief, and more, but does not set forth a

22 numerical sum of the amount sought on behalf of Plaintiff and the proposed class.

23      Plaintiff seeks penalties for missed meal and rest periods in the form of "one

24 additional hour of pay in at the respective regular rate of compensation for each

25 workday that a fully compliant meal [or rest] period was not provided." (Ho Decl.,

26 Ex. A (Compl.) at ¶¶ 50, 55). For the purposes of removal, Defendant assumes that

27 employees who fall within the proposed class worked five shifts per week and

28 applies an average meal and rest break violation rate of 50%. *See Oda v. Gucci Am.,*

DEF'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

CDF Labor Law LLP

4877-0961-4046.8

*Inc.*, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (unpublished) (employer's assumption of a 50 percent violation rate for missed meal and rest breaks is reasonable). In 2023, 182 nonexempt employees worked approximately 4,000 pay periods, or approximately 8,000 workweeks. (Taylor Decl., ¶ 7). Accordingly, Defendant estimates that the amount in controversy for the claim of meal period violations is $2,840,000 (8,000 workweeks * 5 shifts/week * 50% violation rate * $35.50/hour * 4 years). With these same calculations, Defendant estimates that the amount in controversy for the claim of rest period violations is also $2,840,000. (Ho Decl., ¶¶ 9-10).

Based on the foregoing, the estimated amount in controversy meets the jurisdictional prerequisite under 28 U.S.C. § 1332(d)(2).

## III.  VENUE

Venue lies in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court of the State of California, County of Imperial.

## IV.  NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice to Plaintiff of the filing of this Notice of Removal and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Imperial. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

As required by 28 U.S.C. § 1446(a), Defendant provides this Court with copies of all process, pleadings, and orders served on Defendant in this action. True and correct copies of these documents are attached as Exhibits A, B, and D to the Ho Declaration filed in support of this Notice of Removal. (Ho Decl., Exs. A-B, D.) Defendant has not been served with pleadings, process, or orders besides those attached.

DEF'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453

1    Finally, in the event this Court has any questions regarding the propriety of

2  this Notice of Removal, Defendant requests that the Court issue an Order to Show

3  Cause so that Defendant may have an opportunity to more fully brief the basis for

4  this removal.

5                          **<u>PRAYER FOR REMOVAL</u>**

6    WHEREFORE, Defendant prays that this civil action be removed from the

7  Superior Court of the State of California, County of Imperial to the United States

8  District Court for the Southern District of California.

9

10  Dated:  September 12, 2024        CDF LABOR LAW LLP

11

12                          By: _____

13                                    Kent J. Sprinkle
                                         Desiree J. Ho
14                                      Taylor Wendland
                              Attorneys for Defendant
15                            ORMAT NEVADA INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

CDF Labor Law LLP

4877-0961-4046.8

DEF'S NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1332, 1441, 1446 AND 1453